In the Matter of ———— BERGE.

Supreme Court, Richmond County, November 1, 1932.

*Frederick W. Lahr* and *Edward M. Stothers*, for the petitioners.

*Arthur J. W. Hilly, Corporation Counsel [Thomas F. Curley* of counsel], for the respondents.

DUNNE, J. This is an application to restrain certain registrants who are inmates of Sailors' Snug Harbor, and who have registered, from voting at the coming election. Petitioner claims that the inmates of this institution come within the scope of article 2, section 3, of the State Constitution, and for this reason they do not gain a residence by their presence therein. Upon the facts as alleged in the petition — which have not been contradicted by the respondents — and the decisions which have been made on this point heretofore, I am led to the conclusion that this motion must be granted.

In 1895, shortly after the enactment of the amendment to the Constitution, this question was squarely before the court in two cases, *People* v. *Meyers*, decided by Mr. Justice GAYNOR, and *Matter of Clark*, decided by Mr. Justice CULLEN. Both these decisions held that the inmates of Sailors' Snug Harbor are kept by charity within the meaning of the section of the Constitution applicable to this motion, and were held to be ineligible to vote from this institution.

In addition to these decisions, the United States Supreme Court, in *Inglis* v. *Sailors' Snug Harbor* (3 Pet. 99; 7 L. Ed. 617), and our own State courts, in *Trustees of Sailors' Snug Harbor in City of New York* v. *Carmody* (158 App. Div. 738) and *Trustees of Sailors' Snug Harbor in City of New York* v. *Carmody* (211 N. Y. 286), have held that the trust under which this institution is maintained is a charitable trust. The cases of *Matter of Miller* v. *Trinner*

(224 App. Div. 411) and *Matter of Merrill* (183 id. 216) are not in point. In both cases those who dwelt in these institutions paid their way either by purchase of the right to live there or by periodical payment, and they were not maintained by any charity, private or public. The respondents being within the provisions of article 2, section 3, of the State Constitution, they, therefore, gain no residence for the purpose of voting by their presence in the Sailors' Snug Harbor. In the absence of compliance with section 151 of the Election Law, they are ineligible to vote on election day.

Motion granted. Submit order.